```
E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
RANDY HSIEH (Cal. Bar No. 312087)
Assistant United States Attorney
      Federal Building, Suite 7516
      300 North Los Angeles Street
      Los Angeles, California 90012
      Telephone: (213) 894-6585
      Facsimile: (213) 894-5719
      E-mail: Randy.Hsieh@usdoj.gov

Attorneys for Defendant
Federal Aviation Administration
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GLANCY PRONGAY & MURRAY LLP,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL AVIATION ADMINISTRATION,<br><br>Defendant. | Case No. 2:23-cv-08119-MCS-Ex<br><br>**DEFENDANT FEDERAL AVIATION ADMINISTRATION'S ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF UNDER THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552**<br><br>Honorable Mark C. Scarsi<br>United States District Judge |

Defendant Federal Aviation Administration (the "FAA"), by and through its undersigned attorneys, hereby responds to plaintiff Glancy Prongay & Murray LLP's ("Plaintiff") Complaint, Dkt. 1, as follows:

# NATURE OF THE ACTION AND OVERVIEW [1]

1. This Paragraph sets forth Plaintiff's characterization of his action, to which no response is required. To the extent a response is required, the Defendant denies the allegations in paragraph 1.

2. Defendant admits that it received a FOIA request from Plaintiff on August 3, 2023, and responded to that FOIA request on or about August 23, 2023. Defendant further admits that it received a FOIA appeal for the same request on or about August 29, 2023. With regard to the final sentence, Defendant admits that it has not issued a determination. The Defendant denies the remaining allegations in paragraph 2.

3. Defendant admits that it received a FOIA request from Plaintiff on or about August 29, 2023, and it has not yet responded to that request. The Defendant denies the remaining allegations in paragraph 2.

4. The allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, the Defendant denies the allegations in paragraph 4.

5. The allegations in this paragraph consist of Plaintiff's requested relief, to which no response is required. To the extent a response is required, Defendant denies.

# JURISDICTION

6. The allegations in this paragraph contain Plaintiff's legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, the Defendant admits that this Court has subject matter jurisdiction over the action.

7. The allegations in this paragraph contain Plaintiff's legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is

---

[1] For ease of reference, the Federal Aviation Administration refers to Plaintiff's headings and titles. To the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

required, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 7 and, on that basis, denies.

8. The allegations in this paragraph contain Plaintiff's legal conclusions regarding venue, to which no response is required. To the extent a response is required, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and, on that basis, denies.

## PARTIES

9. Defendant admits that it received two FOIA requests. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 9 and, on that basis, denies.

10. The allegations in this paragraph contain Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that it is a federal agency. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 10 and, on that basis, denies.

## FACTS

**A.    Plaintiff's First FOIA Request To The FAA**

11. Defendant admits only that it received a FOIA request, dated August 3, 2023, from Plaintiff. The Defendant denies the remaining allegations in paragraph 11.

12. Defendant admits that it provided an acknowledgment of Plaintiff's FOIA request on or about August 16, 2023. The Defendant denies the remaining allegations in paragraph 12.

13. Defendant admits that it responded to Plaintiff's FOIA request on or about August 23, 2023. The Defendant admits that the letter stated that it was a 'full denial' and that the responsive records were being withheld pursuant to 'Exemption 7(A)' of FOIA.

///
///

14. Defendant admits that it received an appeal of its initial response determination on or about August 29, 2023. The Defendant denies the remaining allegations in paragraph 14.

15. Defendant admits that it emailed Plaintiff on or about September 19, 2023, and acknowledged receipt of his FOIA appeal. The Defendant denies the remaining allegations in paragraph 15.

16. Defendant admits that the FAA has not provided a determination to Plaintiff's August 29, 2023 FOIA appeal. The Defendant denies the remaining allegations in paragraph 16.

### B. Plaintiff's Second FOIA Request To The FAA

17. Defendant admits that it received a FOIA request on or about August 29, 2023. The Defendant denies the remaining allegations in paragraph 17.

18. As to the first sentence in this paragraph, Defendant admits that the FAA has not produced a response to Plaintiff's August 29, 2023 FOIA request. The Defendant denies the remaining allegations in paragraph 18.

## LEGAL FRAMEWORK

19. The allegations in this paragraph consist of the Plaintiff's characterization of the Freedom of Information Act, to which no response is required. To the extent a response is required, the cited statute speaks for itself.

20. Paragraph 20 is a statement of law to which no response is required. To the extent a response is required, the cited statute speaks for itself.

21. Paragraph 21 is a statement of law to which no response is required. To the extent a response is required, the cited statute speaks for itself.

22. Paragraph 22 is a statement of law to which no response is required. To the extent a response is required, the cited statute speaks for itself.

23. Paragraph 23 is a statement of law to which no response is required. To the extent a response is required, the cited statute speaks for itself.

///

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

24. In paragraph 24, Plaintiff incorporates the preceding paragraphs, to which no response is required. To the extent a response is required, the Defendant incorporates the responses to the preceding paragraphs, as though set forth fully herein.

25. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the Defendant denies the allegations in paragraph 25.

26. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the Defendant denies the allegations in paragraph 26.

27. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the Defendant denies the allegations in paragraph 27.

28. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the Defendant denies the allegations in paragraph 28.

## RELIEF REQUESTED

The paragraph following paragraph 28, beginning with the word "WHEREFORE," contains Plaintiff's request for relief, to which no response is required. To the extent that a response is deemed required, the Defendant denies that Plaintiff is entitled to the relief requested or to any relief at all.

Further, any allegation to which a response is required and which has not been admitted, denied, or otherwise responded to, is hereby denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA, 5 U.S.C. § 552.

///

2. Plaintiff has failed to name the proper indispensable party to this action, the United States Department of Transportation.

3. At all times alleged in the Complaint, the Defendant was acting in good faith, with justification, and pursuant to authority.

Respectfully submitted,

Dated: November 9, 2023

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

 /s/ Randy Hsieh
RANDY HSIEH
Assistant United States Attorney

Attorneys for the Federal Aviation Administration

2088-9555-8657, v. 1