Garth Spencer (SBN 335424)
  gspencer@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Plaintiff Glancy Prongay & Murray LLP*

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
RANDY HSIEH (Cal. Bar No. 312087)
Assistant United States Attorney
     Federal Building, Suite 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-6585
     Facsimile: (213) 894-5719
     E-mail: Randy.Hsieh@usdoj.gov

Attorneys for Defendant
Federal Aviation Administration

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GLANCY PRONGAY & MURRAY LLP,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>FEDERAL AVIATION ADMINISTRATION,<br><br>　　　　　Defendant. | Case No. 2:23-cv-08119-MCS-Ex<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference<br>Date:　　　　January 8, 2024<br>Time:　　　　10:00 AM<br>Courtroom:　　7C<br><br>Honorable Mark C. Scarsi<br>United States District Judge |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Rule 26-1 of the Local Rules of the Central District of California, and by Order of this Court dated November 9, 2023 (ECF 18), Plaintiff Glancy Prongay & Murray LLP and Defendant Federal Aviation Administration ("FAA" or "agency"), acting by and through their undersigned counsel, hereby jointly submit this report. On November 17, 2023, the undersigned parties met and conferred on this plan telephonically.

1. **STATEMENT OF THE CASE**

Plaintiff brings this action for injunctive and declaratory relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, to compel the FAA to produce all records requested pursuant to two FOIA requests. *See* Dkt No. 1 (complaint). Plaintiff alleges the FAA failed to produce documents responsive to its FOIA requests, and failed to make required determinations on these requests with the statutory period set forth under FOIA.

Defendant's answer asserts no counterclaims, and three affirmative defenses: (1) Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA, 5 U.S.C. § 552; (2) Plaintiff has failed to name the proper indispensable party to this action, the United States Department of Transportation; and (3) At all times alleged in the Complaint, the Defendant was acting in good faith, with justification, and pursuant to authority. *See* Dkt No. 17 (answer).

2. **SUBJECT MATTER JURISDICTION**

This Court has subject matter jurisdiction over the action because it arises under a federal statute, the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, and because the Defendant is an agency of the United States. 28 U.S.C. §§ 1331 and 1346; 5 U.S.C. §§ 551(1) and 552(f)(1).

3. **LEGAL ISSUES**

The waiver of sovereign immunity under the FOIA gives the Court jurisdiction to enjoin the agency from withholding agency records improperly withheld and to order

the production of any agency records improperly withheld from the Plaintiff. 5 U.S.C. §552(a)(4)(B); *Spurlock v. FBI*, 69 F.3d 1010, 1015 (9th Cir. 1995).

Under FOIA, an agency's decision to withhold information from a FOIA requester is subject to *de novo* review by the courts. *Hayden v. National Security Agency/Cent. Sec. Serv.*, 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980). The agency has the burden to justify the non-disclosure of documents and establish that a particular document is exempt from disclosure. *Citizens Commission on Human Rights v. FDA*, 45 F.3d 1325, 1328 (9th Cir. 1995).

In this case, key legal issues are expected to include the extent to which records responsive to Plaintiff's FOIA requests should or should not be withheld pursuant to, *inter alia,* FOIA exemptions 3, 4, 5, 6, and/or 7(A). *See* 5 U.S.C. §552(b)(3), (b)(4), (b)(5), (b)(6) and (b)(7)(A). The Defendant reserves the right to assert additional legal issues through the filing of a motion for summary judgment, if necessary.

**4.     PARTIES, EVIDENCE, ETC.**

Glancy Prongay & Murray LLP is the Plaintiff and has no subsidiaries, parents, or affiliates.

The Federal Aviation Administration is the Defendant and is a government agency.

Percipient witnesses are expected to include Garth Spencer, a partner of Glancy Prongay & Murray LLP, and the individual who submitted the FOIA requests at issue on Plaintiff's behalf.

The FAA does not expect any percipient witnesses.

Key documents on the main issues in the case are expected to include: Plaintiff's August 3, 2023 FOIA request; the FAA's August 23, 2023 denial of that request; Plaintiff's August 29, 2023 appeal of that denial; Plaintiff's August 29, 2023 FOIA request, and any other correspondence between the Plaintiff and the FAA in the administrative record.

///

## 5. DAMAGES

**Plaintiff's Statement**

Neither Party asserts a claim for damages. Plaintiff's requested relief includes "[a]n award to Plaintiff of all costs and reasonable attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E) or any other law." The amount of such costs and fees will increase as litigation progresses and cannot be presently determined.

**Defendant's Statement**

There are no damages in a FOIA action. As stated above, the Court has jurisdiction to enjoin the agency from withholding agency records improperly withheld and to order the production of any agency records improperly withheld from the Plaintiff. Any such relief is determined on summary judgment motions.

## 6. INSURANCE

The agency is self-insured.

## 7. MOTIONS

Plaintiff may later move to add as a party the United States Department of Transportation ("DOT"), in light of Defendant's second affirmative defense stating that it is an indispensable party to this action. It is not presently clear to Plaintiff whether Defendant intends to stand on this affirmative defense, and therefore whether a motion to add the DOT will be necessary.

The Parties do not otherwise presently plan to add parties or claims, file amended pleadings, or transfer venue.

Defendant anticipates filing a Motion for Summary Judgment in support of Defendant's withholding of the documents at issue in this case. The parties propose the following briefing schedule:

- Defendant will file and serve a *Vaughn* Index/Declaration[1] no later than April 4, 2024. The parties shall cooperate in good faith the have the *Vaughn* Index/Declaration produced to Plaintiff as soon as reasonably practicable.
- Defendant will file and serve a Motion for Summary Judgment no later than May 5, 2024. Provided that, if after reviewing Defendant's *Vaughn* Index/Declaration Plaintiff contends that discovery is warranted, the parties shall meet and confer in good faith and may request a reasonable continuance of the deadline for the Motion for Summary Judgment and related filings, to allow for completion of discovery and/or briefing concerning whether discovery is appropriate.
- Subject to a possible request for continuance as discussed above, Plaintiff will file an Opposition to Defendant's Motion no later than June 4, 2024.
- Subject to a possible request for continuance as discussed above, Defendant will file a Reply no later than June 18, 2024.
- Subject to a possible request for continuance as discussed above, a hearing date, if necessary, convenient to the Court's schedule on or after July 18, 2024.

///
///
///

---

[1] In FOIA cases, the agency will typically identify the withheld documents and the basis on which they are being withheld by submitting a declaration(s). These declarations or affidavits (singly or collectively) are often referred to as a *Vaughn* Index, after the case of *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564 (1974). *See also*, *Wiener v. FBI*, 943 F.2d 927 at 978, n.6 (9th Cir. 1991), cert. denied, 505 U.S. 1212 (1992) ("[w]e refer to these affidavits [of FBI agents and CIA officers] collectively as the Vaughn index"). "A Vaughn index must: (1) identify each document withheld; (2) state the statutory exemption claimed; and (3) explain how disclosure would damage the interests protected by the claimed exemption." *Citizens Comm'n on Human Rights v. FDA*, 45 F.3d at 1326 n.1. *See also Minier v. CIA*, 88 F.3d 796, 799 (9th Cir. 1996)("[t]he agency may meet its burden by submitting a detailed affidavit showing that the information `logically falls within the claimed exemptions.'").

**8.     DISPOSITIVE MOTIONS**

### Plaintiff's Statement

Because Plaintiff presently has no information about the documents withheld by the FAA, or about the FAA's search for responsive documents, Plaintiff is unable to agree or disagree with Defendant's below statements concerning the likelihood of factual disputes or the appropriateness of summary judgment.

### Defendant's Statement

Because facts in FOIA cases are rarely in dispute, most such cases are decided on motions for summary judgment and without the need of discovery. *Yonemoto v. Dep't of Veterans Affairs*, 648 F.3d 1049, 1055 (2011) (citing *Flightsafety Servs. Corp v. Dep't of Labor*, 326 F.3d 607, 610 (5th Cir. 2003)); *see also*, *South Yuba River Citizens League v. Nat'l Marine Fisheries Servs.*, 2008 WL 2523819, at *3-4 (E.D. Cal., June 20, 2008) ("Summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved."); *Lawyers' Comm. for Civil Rights of S.F. Bay Area v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008) (noting that FOIA cases are frequently decided at the summary judgment stage before a plaintiff can conduct discovery).

**9.     MANUAL FOR COMPLEX LITIGATION**

The parties agree that the Manual for Complex Litigation need not be utilized in this case.

**10.    STATUS OF DISCOVERY**

Please see sections 7. and 8., above. No party has served any discovery to date. Plaintiff and Defendant served initial disclosures by December 1, 2023, in accordance with Fed. R. Civ. P. 26(a)(1)(C).

**11.    DISCOVERY PLAN**

### Plaintiff's Statement

No changes should be made to the disclosures under Fed. R. Civ. P. 26(a).

Discovery may be needed on subjects including what documents responsive to Plaintiff's FOIA requests are in the FAA's possession, whether those documents are exempt from FOIA pursuant to other statutes, whether those documents were compiled for law enforcement purposes, whether the production of such documents could reasonably be expected to interfere with enforcement proceedings, and the scope and manner of the FAA's search for responsive documents.

Plaintiff intends to review the *Vaughn* index and declarations to be produced by Defendant, and then meet and confer with the Defendant if necessary. At that time, Plaintiff will consider whether to serve discovery requests. Plaintiff does not anticipate serving discovery requests prior to reviewing Defendant's *Vaughn* index and declarations. Plaintiff is informed that Defendant does not presently intend to serve discovery requests.

Applicable limitations should not be changed and no other limitations should be imposed.

The Court should not enter any other discovery related orders at this time.

**Defendant's Statement**

Please see sections 7. and 8., above.

**12.   DISCOVERY CUT-OFF**

Please see sections 7. and 8., above. The Parties respectfully submit that due to the unique process of FOIA litigation, the only dates that should be scheduled at present are those relating to Defendant's production of a *Vaughn* index and declarations, and dates concerning Defendant's anticipated summary judgment motion. The Defendant reserves its right to object to any discovery in this case. Should the Court wish to enter a discovery cut-off, the Parties suggest that the discovery cut-off should be the deadline (as modified by any continuance granted by the Court) for Defendant's summary judgment motion.

///

///

## 13. EXPERT DISCOVERY

Please see sections 7. and 8., above. The Parties respectfully submit that due to the unique process of FOIA litigation, the only dates that should be scheduled at present are those relating to Defendant's production of a *Vaughn* index and declarations, and dates concerning Defendant's anticipated summary judgment motion. The Defendant reserves its right to object to any expert discovery in this case. Should the Court wish to enter an expert discovery cut-off, the Parties suggest that expert discovery be completed by the deadline (as modified by any continuance granted by the Court) for Defendant's summary judgment motion.

## 14. SETTLEMENT CONFERENCE / ALTERNATIVE DISPUTE RESOLUTION ("ADR")

No settlement discussions have occurred. Plaintiff does not seek damages, and Defendant maintains that there are no damages in a FOIA action. As stated above, the Court has jurisdiction to enjoin the agency from withholding agency records improperly withheld and to order the production of any agency records improperly withheld from the Plaintiff. Thus, FOIA matters do not lend themselves to traditional settlement conference procedures. Should the Court wish to assign this action to an ADR procedure, the Parties select mediation before the magistrate judge assigned to the case.

## 15. TRIAL ESTIMATE

### Defendant's Statement

Because FOIA actions are customarily resolved by summary disposition, Defendant does not anticipate that a trial will be necessary to determine this matter. Therefore, Defendant does not propose pretrial or trial dates at this time.

### Plaintiff's Statement

Because Plaintiff presently has no information about the documents withheld by the FAA, or about the FAA's search for responsive documents, Plaintiff is unable to agree or disagree with Defendant's above statements concerning the likelihood of a trial. Plaintiff estimates that trial will require one court day. Trial will be by court.

1  Plaintiff anticipates calling one witness employed by Plaintiff, and an unknown number
2  of witnesses employed by the FAA, depending on the development of facts in
3  discovery.
4      Plaintiff respectfully submits that due to the unique process of FOIA litigation,
5  the only dates that should be scheduled at present are those relating to Defendant's
6  production of a *Vaughn* index and declarations, and dates concerning Defendant's
7  anticipated summary judgment motion. Should the Court wish to enter a trial schedule,
8  Plaintiff suggests the following:
9      Trial – Tuesday March 25, 2025 (approximately 18 months after this action was
10  filed)
11      Final Pretrial Conference – Monday March 10, 2025 (15 days prior to the Trial)
12  **16.   TRIAL COUNSEL**
13      Assistant United States Attorney Randy Hsieh has primary responsibility for this
14  case and will be trial counsel should the case go to trial. Garth Spencer will be trial
15  counsel for the Plaintiff in the event this matter proceeds to trial.
16  **17.   INDEPENDENT EXPERT OR MASTER**
17      The parties agree that no independent expert or master is needed in this case at
18  this time.
19  **18.   SCHEDULE WORKSHEET**
20      Please see sections 7. and 8., above. The Parties respectfully submit that due to
21  the unique process of FOIA litigation, the only dates that should be scheduled at present
22  are those relating to Defendant's production of a *Vaughn* index and declarations, and
23  dates concerning Defendant's anticipated summary judgment motion. The Parties
24  respectfully submit that the Schedule of Pretrial And Trial Dates Worksheet is not
25  suited to FOIA litigation, and so have not completed it. The Parties will be prepared to
26  discuss the timing of the events reflected in the worksheet at the January 8, 2024
27  Scheduling Conference, and the Parties will of course complete the worksheet if the
28  Court so desires.

19. **OTHER ISSUES**

The parties are not aware of any other issues affecting the status or management of the case at any time. The Parties do not propose any severance, bifurcation, or other ordering of proof.

Respectfully submitted,

Dated: December 22, 2023          GLANCY PRONGAY & MURRAY LLP

 */s/ Garth Spencer*
Garth Spencer (SBN 335424)*
gspencer@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Plaintiff Glancy Prongay & Murray LLP*

Dated: December 22, 2023          E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

 */s/ Randy Hsieh*
RANDY HSIEH
Assistant United States Attorney

Attorneys for Defendant Federal Aviation Administration

*Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.